IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OZARK MOUNTAIN SPECIALTY FOODS, INC, | ) ) ) | |
| Plaintiff, | ) ) | 8:04CV349 |
| vs. | ) ) | ORDER |
| EAT ME, LLC and SANDRA S. JOHNO, | ) ) ) | |
| Defendants. | ) | |

    This matter is before the court on the "Memorandum to Court: Dismissal of Defense Counsel" (Filing No. 27). The court shall deem the filing as a motion to withdraw as counsel for the defendants. It does not appear the document was served on the defendants. However, the court also received a facsimile letter dated June 30, 2005, which will be construed as a response to the motion to withdraw (Filing No. 28). In any event, the court will hold the motion in abeyance pending response to this order.

    The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*." **Ackra Direct Mktg. Corp. v. Fingerhut Corp.**, 86 F.3d 852, 857 (8th Cir. 1996); **see also *United States v. Van Stelton***, 988 F.2d 70, 70 (8th Cir.1993) (noting that a corporation may not appear *pro se*); **Carr Enters., Inc. v. United States**, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel"). A corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing. **Ackra Direct**, 86 F.3d at 857. At least one court in this circuit has considered the default of a corporate defendant that did not have counsel to represent it. The District of Minnesota, after noting the individual and corporate defendants did not have counsel, "urge[d] the Defendants to retain counsel to, at the very least, defend [the corporation] in this action, or else the Court may have to consider a Motion for Default Judgment against the corporation." **Antioch Co. v. Scrapbook Borders, Inc.**, 210 F.R.D. 645, 646-47 n.1 (D. Minn. 2002). Under the circumstances, the court

concludes defense counsel shall not be given leave to withdraw as attorney for the corporate defendant at this time. In the absence of the appearance of substitute counsel, the defendant corporation may be subject to default. However, the court will grant the motion to withdraw with regard to the individual defendant.

The court had earlier set a deadline for the parties to file a stipulation for dismissal based upon the parties' notice of settlement. **On or before July 15, 2005**, the parties will report to the court the status of the settlement in this matter. Upon consideration,

**IT IS ORDERED:**

1. Mr. Septowski's motion to withdraw as counsel for Eatme LLC and Sandra S. Johno (Filing No. 27) is held in abeyance.

2. The defendant Eatme LLC shall have to **on or before August 1, 2005**, to have substitute counsel enter an appearance or show cause why default should not be entered. If no substitute counsel appears or good cause is shown by that date for Eatme LLC, the court will grant counsel's motion to withdraw, strike the answer of the defendant Eatme LLC and enter default against it, pursuant to Fed. R. Civ. P. 37(b)(2)(C).

3. The defendant Sandra S. Johno is now proceeding *pro se* and counsel for the plaintiff may communicate with Ms. Johno directly.

4. James Cavanagh shall provide a copy of this order to Eatme LLC and file a Certificate of Service therefor.

5. The Clerk of Court shall mail a copy of this order to Sandra S. Johno at:

>   Sandra S. Johno
>   309 Titan Drive
>   Montreal, MO 65591

DATED this 5th day of July, 2005.

>   BY THE COURT:
>
>   s/Thomas D. Thalken
>   United States Magistrate Judge