IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OZARK MOUNTAIN SPECIALTY FOODS, INC., a Nebraska Corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>EAT ME, LLC, a Missouri Limited Liability Company, and SANDRA S. JOHNO, an individual,<br><br>  Defendants. | 8:04CV349<br><br>MEMORANDUM AND ORDER |

Before the court is the defendants' Motion to Dismiss or for Summary Judgment (filing no. 13). The court, having considered the motion, the plaintiff's response, and the record and case law, now determines that the defendants' motion should be denied.

**Undisputed Facts**

The plaintiff Ozark Mountain Specialty Foods, Inc. ("Ozark") is a Nebraska corporation – formed in February 1999 – which is engaged in the business of selling barbecue sauces. *See* Complaint at ¶¶ 4-5 and Index of Evidence in Support of Brief in Opposition to Defendants' Motion for Summary Judgment, Exhibit A. Defendant Sandra S. Johno ("Johno") served as the treasurer of Ozark and sometime after December 2001 formed Eat Me, LLC ("Eat Me"), a Missouri Limited Liability Company, also engaged in the business of selling barbecue sauces. *See* Complaint at ¶¶ 2 and 12 and Johno's Affidavit. Ozark and Eat Me are competitors and both use the trademark "Fat Bastard" in connection with the sale of their sauces. Complaint at ¶¶ 14 and 17. Ozark began using the trademark in September 2002 and filed a trademark application in September 2003, which is still pending. Affidavit of John Burt at ¶ 8 and Index of Evidence in Support of Brief in Opposition to Defendants' Motion for Summary Judgment , Exhibit C. Eat Me began to

use the trademark approximately at the same time Ozark began to use it.  *See* Affidavit of Sandra Johno.

In July 2004, Ozark brought this action claiming, among other things, that Eat Me is using the trademark "Fat Bastard" and other materials in violation of federal trademark law.  Essentially, Ozark claims that Eat Me is using intellectual property that belongs to Ozark.  In February 2005, Eat Me filed the present motion arguing that the court should grant summary judgment in its favor because: (1) the court has no jurisdiction; (2) the lawsuit brought by Ozark did not have the approval of its board of directors; and (3) defendants own the trademark and other materials.  Naturally, Ozark opposes the motion arguing the contrary.  For the reasons stated below, the court determines that the defendants' motion for summary judgment should be denied.[1]

## Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The movant bears the burden of establishing that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  If the movant meets this burden, the non-movant must set forth

---

[1] Because the defendants filed their motion as a Motion to Dismiss or for Summary Judgment and is supported by affidavits, and the plaintiff filed a response also supported by an affidavit and other materials, the court has considered the materials outside the pleadings and treated defendants' motion as one for summary judgment under Fed. R. Civ. P. 56(c).

specific facts that demonstrate the existence of a genuine issue for trial. *Id.* Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. *Id.* To successfully oppose the motion for summary judgment, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.*

## Analysis

As stated above, the defendants seek summary judgment claiming that: (1) the court has no jurisdiction over this matter; (2) the lawsuit brought by Ozark did not have approval of its board of directors, thus, it cannot proceed; and (3) defendants own the trademark. The court, however, disagrees with defendants on each of their claims.

With respect to defendants' claim that the court has no jurisdiction, defendants argue that this court lacks jurisdiction because the amount in controversy, $75,000, is not met. However, as Ozark points out in its brief, this court has jurisdiction without regard to the amount in controversy because the plaintiff's lawsuit is based on a claim for trademark infringement. 15 U.S.C. § 1121 specifically provides this court with jurisdiction on matters that deal with trademarks and 28 U.S.C. § 1367 provides this court with jurisdiction regarding any other claims related to the plaintiff's trademark claim. *See* 15 U.S.C. § 1121 and 28 U.S.C. § 1367.

With respect to the defendants' claim that Ozark's lawsuit is invalid, defendants argue that the president of Ozark cannot bring this lawsuit because it was not authorized by the shareholders or board of directors. Specifically, defendants claim that Johno's

3

husband (Joseph Johno), who is on Ozark's board of directors, did not authorize this lawsuit, thus, it is invalid. Defendants argue – without citing any authority – that a corporation can only bring a lawsuit through its board of directors. However, under its by-laws, Ozark delegates to its president the power to "supervise and control all of the business affairs, property and officers of the Corporation." Index of Evidence in Support of Brief in Opposition to Defendants' Motion for Summary Judgment, Exhibit D, Art. V, Section 5. This language found in Ozark's by-laws creates a genuine issue of material fact as to whether or not the president of Ozark has the authority to institute a lawsuit on behalf of Ozark. Nothing in Ozark's by-laws indicates that the president cannot institute a lawsuit on behalf of the corporation. *Id.*

With respect to the defendants' argument that summary judgment should be granted because they own the trademark, the court finds that the affidavit by Johno provides conflicting testimony on this issue. In her affidavit, Johno states that Ozark dissolved in December 2001 and that she created the trademark in question in the spring of 2002. However, in the same affidavit she indicates that Ozark was still in existence after that time and that the trademark was created as part of her "participation in the marketing 'joint venture' – OZARK MOUNTAIN SPECIALTY FOODS INC. . . ." *See* Johno's Affidavit at ¶¶ 3, 5, and 6. Johno's conflicting testimony raises the question of whether Johno's alleged creation of the disputed trademark occurred at a time when she was acting as an agent or officer of Ozark. If Johno was still an agent or officer of Ozark, the corporation could be the owner of the trademark. Johno alleges that after she created the trademark she reserved ownership to herself. *Id.* However, Ozark states the contrary and, in fact, has provided evidence of an application for trademark registration regarding the trademark in

4

dispute.  *See* Index of Evidence in Support of Brief in Opposition to Defendants' Motion for Summary Judgment, Affidavit of John Burt ¶ 8 and Exhibit C.

Based on the foregoing, the court determines that: 1) this court has jurisdiction over this matter, 2) there are genuine issues of material fact as to whether or not the president of Ozark has the authority to institute litigation on behalf of Ozark, and 3) there are genuine issues of material fact as to the ownership of the trademark in dispute. Accordingly, the defendants' motion for summary judgment should be denied.

IT IS, THEREFORE, ORDERED that the defendants' Motion to Dismiss or for Summary Judgment (filing no. 13) is denied.

DATED this 15th day of September, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge